May Term, 1851.

SKELTON
v.
KINTNER.

---

SKELTON, School Commissioner of *Cass* County, *v.* KINTNER and Another.—On Appeal.

THIS was a bill in chancery filed by *Skelton*, school commissioner of *Cass* county, to foreclose a mortgage executed by *Heth* to *Kintner*, a former school commissioner, to secure a loan of 300 dollars belonging to one of the congressional townships of said county.

The bill charges that the fee-simple of the tract of land mortgaged did not belong to *Heth*, but to his wife, and that *Heth* is a tenant by the curtesy.

It is also charged that the value of the estate of *Heth* in the said tract of land was insufficient to secure the mortgage debt, that no note or bond was given, and that *Kintner* fraudulently made the loan, knowing the security was insufficient.

The usual averment is made that no other proceedings have been instituted for the recovery of the debt, and the prayer of the bill is, that upon the failure of *Heth* to pay the mortgage debt and interest, his estate in said tract of land be sold to pay the same; and that for the deficiency which may exist upon such sale, an execution be decreed to issue against his goods and chattels.

*Heth* and *Kintner* severally demurred to the bill. The demurrers were sustained and the bill dismissed.

It is objected to the bill that if *Kintner* is liable for fraudulently making the loan without taking sufficient security, the proper remedy is a suit at law upon his bond. The bill, however, does not pray for a decree against *Kintner*, and the allegation there made may be regarded as surplusage.

We can see no sufficient objection to the bill so far as it seeks a foreclosure of the mortgage, or a decree for the issuing of an execution against the goods and chattels of *Heth*, in case the sale under the mortgage should not produce a sufficient amount to satisfy the debt. R. S. p. 460, s. 34. We think, therefore, the decree of the Circuit Court in dismissing the bill as against *Heth* is erroneous.

The decree is reversed with costs. Cause remanded for further proceedings.

*D. D. Pratt*, for the appellant.

*W. Z. Stuart*, for the appellees.